**SANDS, Extrx., Plaintiff, v. ROSS et, Defendants.**

Probate Court, Franklin County.

No. 135435.   Decided November 28, 1949.

Dwight A. Swisher, Columbus, for executrix.

## OPINION

By McCLELLAND, J.

This matter comes before the court upon the petition to construe the will of Jennie Lowry, deceased, and to sell real estate.

The question raised involves a construction of the will. The will leaves the residue of the estate to two stepdaughters and a niece to be equally divided among the three. One of the stepdaughters predeceased the testatrix, leaving two

children, which fact presents the question as to what becomes of her one-third of the residue.

**Section 10504-73 GC,** does not prevent a lapsing of this one-third of the residue, since stepdaughters are not considered "children or other relatives" within the meaning of that section. **Kegler, Adm'x v. Kempter, 74 Oh Ap 279.**

Counsel for the executrix raises the question as to whether or not the one-third of the residue left to the deceased step-daughter should go to the two surviving residuary legatees or should go to the heirs of the testatrix as intestate property. While recognizing that the weight of authority is to the effect that the share passes as intestate property, counsel importunes this court to disregard the general rule and to hold that the share goes to the two surviving legatees, since the general rule has been so severely criticised, even by those courts which, bcause of the precedent established in their states, feel bound to follow the general rule. Counsel calls attention to the fact that this question is one of first impression in Ohio and that consequently this court is free to adopt a rule which to it seems most reasonable.

In Page on Wills, Life Time Edition, Vol. 4, Section 1430, we find the following statement as to the weight of authority, supported by several annotations: "It is now settled, by the weight of authority, that a lapsed part of the residuum does not itself pass into the remainder of the residuum; but that it passes to the testator's next of kin as intestate property."

A good statement of the general rule and also the criticism of the rule may be found in 57 Am. Jur. Section 1453, to-wit:

"Sec. 1453. Share of Residue.—It is, of course, clear that if a residuary gift to a single beneficiary lapses or becomes ineffective, the subject matter thereof will pass to the testator's heirs as intestate property, and in most cases under a residuary gift to several persons nominatim, or in common, and not as a class, a lapsed portion of the residuary devise or legacy does not, in the absence of statute inure to the benefit of the other residuary devisees or legatees, unless the intention of the testator to that effect clearly appears; instead, such lapsed portion of the residuary estate is removed from the operation of the residuary clause and becomes intestate estate, passing to the heirs or distributees. Although this rule has been consistently applied where the necessary conditions were present, there has been but little discussion of it in the cases, and only brief suggestions of the reasons underlying it have been given by the courts. The principle has evoked considerable dissatisfaction, even among those courts which recognize and follow it, and in a few jurisdictions it has been changed

by statute. Some courts, in the absence of any statutory change, have refused to accept the rule, and, instead, have adopted the view that in the circumstances outlined, the lapsed portion of the residuary gift must be held to pass to the surviving residuary donees."

A typical example of the criticism of the general rule is found in the case of Gray's Estate, 147 Pa. 67, to-wit:

"The rule thus established does not commend itself to sound reasoning, and is a sacrifice of the settled presumption that a testator does not mean to die intestate as to any portion of his estate, and also of his plain actual intent, shown in the appointment of general residuary legatees, that his next of kin shall not participate in the distribution at all. The rule is in fact a concession to the set policy of English law, nowhere more severely asserted than in chancery, to keep the devolution of property in the regular channels, to the heir and the next of kin, whenever it can be done.

"If the question were new in this state, speaking for myself, I should not hesitate to reject the English rule as wrong in principle, and subversive of the great canon of construction,— the carrying out of the intent of the testator."

See, also, 28 A. L. R. 127 and 139 A. L. R. 868 and annotations.

It is quite significant that no reported case in Ohio, as far as we know, raises the point proposed by counsel for the executrix. The closet case in point of fact that we have been able to find is that of **Nelson v. Minton, Ex'r. 46 Oh Ap 39.** There the testatrix divided the residue of her estate between the relatives of her deceased husband and her own relatives and mentioned them by name. Some of the mentioned relatives of her deceased husband were known to the testatrix to be dead when she signed the will. It was contended, in that case, that the intention of the testatrix was plain; that she intended to distribute one-half of her estate among the relatives of her deceased husband. The court, in that case, disposed of the question of intention when it said: "Now in this case the testatrix knew the devisees in question were dead when she signed the will. She also is presumed to know that devises to them lapsed and were void." That court cites and quotes from Dildine v. Dildine, 32 N. J. Eq. 78, and we quote from the same case another apt sentence, to-wit: "A gift to persons named, in equal shares, creates a tenancy in common unless when, under a will, it is clear that the testator intended that it should create a joint tenancy."

The only difference between **Nelson v. Minton, Ex'r, 46 Oh Ap 39,** supra, and case at bar is the fact that some of the beneficiaries named in the will were known to be dead when the will was drawn, whereas in the case at bar the stepdaughter died after the will was drawn. Counsel in Nelson v. Minton exidently was claiming that the devise to the relatives of the deceased husband was a gift to a class and that consequently the survivors of that class should take the shares of the deceased devisees.

Despite the criticisms of the general rule as running counter to the intention of the testator, we are of the opinion that the general rule prevails in Ohio. We have the feeling that the reason no case can be found in Ohio in which the general rule has been attacked is the fact that the bar has also been of the opinion that the general rule prevails in Ohio.

Quite significant also is the fact that the Legislature had the general rule before it as far back as 1866 when it first deviated from the common law rule and enacted a statute dealing with the death of a residuary legatee. 63 O. L. 47, Effective March 20, 1866. That statute, from which our present statute, §10504-73 GC, was taken, limited its application, as does the present one, to "a child or other relatives of the testator". Since the Legislature did not see fit at that time to make the law apply generally to all residuary legatees, but changed the common law rule only so far as it affected relatives of the testator, we cannot escape the conclusion that the rule in Ohio has been the general rule modified only to the extent of the statute enacted in 1866 and its subsequent amendments.

A rule so well established becomes a rule of property and persons are presumed to have that law in mind when they come to the drafting of their wills. **Shumaker v. Pearson et al., 67 Oh St 330.**

It is therefore our conclusion that the share of the residue devised to the stepdaughter, who died during the lifetime of the testatrix, lapses and goes to the heirs of the testatrix as intestate property, in accordance with the general rule. In reaching this conclusion we are supported by the action of the Legislature and the failure of the courts of Ohio to disturb the general rule.